[No. 11486. Department One. — May 27, 1889.]

## WILLIAM EDE, APPELLANT, v. HENRY D. COGSWELL, RESPONDENT.

CONSTITUTIONAL LAW — OBLIGATION OF CONTRACT — CONTRACT FOR STREET IMPROVEMENT — EXTENSION OF TIME. — A valid contract for a street improvement made before January, 1880, was not impaired or affected by the constitution of 1879; and the granting of an extension of time for the performance of such contract does not constitute a new contract for a street improvement, within the constitutional prohibition contained in section 19 of article 11 of that constitution.

SAN FRANCISCO STREET LAW — AUTHORITY OF STREET SUPERINTENDENT AND SUPERVISORS. — The San Francisco street act of 1878 was merely supplementary to the act of 1872, which was left intact as regards the authority of the street superintendent to make a contract for the grading of one block, and the jurisdiction of the board of supervisors to have the work performed. Nor is such a contract void because authorizing only part of the improvement authorized by the act of 1878 of eight blocks in one contract. That act does not require that such work should be let as an entirety, but gives the board of supervisors discretionary power to order what part thereof should be graded in one or more contracts.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Bates,* for Appellant.

The constitution of 1879 did not affect the contract in question. (Art. 22, sec. 1; *Oakland Pav. Co.* v. *Barstow, ante,* p. 45; *Gunn* v. *Barry,* 15 Wall. 622; *Walker* v. *Whitehead,* 16 Wall. 317; *Lesley* v. *Phipps,* 49 Miss. 801.) The extension of time was not a new contract. (*Oakland Pav. Co.* v. *Barstow, ante,* p. 45; *Luckhart* v. *Ogden,* 30 Cal. 554; *McIntyre* v. *Trautner,* 63 Cal. 430; *Texas and St. Louis R'y Co.* v. *Rust,* 19 Fed. Rep. 245; *Cox* v. *Carrell,* 6 Iowa, 350; *Stryker* v. *Vanderbilt,* 25 N. J. L. 496; *Bacon* v. *Cobb,* 45 Ill. 56; *Watkins* v. *Hodges,* 6 Har. & J. 46.)

*Garber & Bishop,* for Respondent.

Without a valid extension the contract falls, and no action can be maintained thereon. (*Turney* v. *Dougherty,* 53 Cal. 619; *Beveridge* v. *Livingstone,* 54 Cal. 54; *Mahoney* v. *Braverman,* 54 Cal. 565; *Mappa* v. *Los Angeles,* 61 Cal. 309; *Fanning* v. *Schammel,* 68 Cal. 428.) Extension of time granted after the new constitution went into effect was invalid. (*German Savings Bank* v. *Franklin Co.,* 128 U. S. 526.) Modification of a contract is a new agreement. (*McCormick* v. *Connolly,* 2 Bay, 401, 404; *Thurston* v. *Ludwig,* 6 Ohio St. 1; 67 Am. Dec. 328; *Goss* v. *Nugent,* 5 Barn. & Adol. 58.) Extension of time of a written contract can only be made by a new agreement in writing. (*Blood* v. *Goodrich,* 9 Wend. 68, 78; 24 Am. Dec. 121; *Doar* v. *Gibles,* 1 Bail. Eq. 371.) The act of 1872 was repealed by the constitution. (*McDonald* v. *Patterson,* 54 Cal. 245; *Donahue* v. *Graham,* 61 Cal. 276; *Thomason* v. *Ruggles,* 69 Cal. 465.) Repeal of a statute destroys all jurisdiction under it. (*People* v. *Livingston,* 6 Wend. 530; *Butler* v. *Palmer,* 1 Hill, 324.) There is no vested right to an extension of time. Rights not vested are not protected. (Cooley on Constitutional Limitations, secs. 359, 361, 383; *Richardson* v. *Akin,* 87 Ill. 138, 140; *Weidenger* v. *Spruance,* 101 Ill. 278; *Goshen* v. *Stonington,* 4 Conn. 209; 10 Am.

Dec. 134; *Butler* v. *Palmer*, 1 Hill, 329; *Toulumnc R. Co.*
v. *Sedgwick*, 15 Cal. 515; *Johnson* v. *Squires*, 55 Cal. 103;
*Urton* v. *Wilson*, 65 Cal. 11, 13; *Dillon* v. *Saloude*, 68 Cal.
267; *Manley* v. *Cunningham*, 72 Cal. 236; *Memphis* v.
*United States*, 97 U. S. 293, 297; *People* v. *Livingston*, 6
Wend. 526, 531; *Washburn* v. *Franklin*, 35 Barb. 599,
600; *Stafford County Commissioners* v. *Luck*, 80 Va. 223;
*Clarke* v. *McCreary*, 20 Miss. 347, 353; *Wallace* v. *Sharon
Tp.*, 84 N. C. 164, 168.)

FOOTE, C.—This is an action to recover on an assess-
ment upon certain property of the defendant, to pay for
work done in grading Seventh Street, from King to
Berry Street, in the city and county of San Francisco.
The plaintiff sues as the assignee of one Buckman, the
contractor who is alleged to have performed the work.

The improvement was made by virtue of a statute
contained on page 231 of the legislative acts of 1877 and
1878, which gave certain powers to the board of super-
visors of said city and county in addition to those which
already existed under the general street improvement
act of April 1, 1872. (Acts of the Legislature, 1871–72,
pp. 804 et seq.)

The cause was heard before the court without a jury,
and upon the evidence adduced a nonsuit was entered;
from the judgment therein, and an order denying a new
trial, this appeal is taken.

There seems to be no dispute but that the assessment,
warrant, diagram, and return show *prima facie* the reg-
ularity of all the proceedings prior thereto.

The contract to which the complaint has reference, as
well as the assessment, were in due form; so that if the
contract was performed under constitutional authority,
and was authorized and made in accordance with the
acts of 1872 and 1878, *supra*, it seems to be conceded on
all sides that the nonsuit should not have been granted
on the grounds alleged, that the evidence was insufficient

to sustain the action, or that the claim set up in the complaint was invalid.

The main defense upon which the respondent relied in the court below, and relies here, is, that the claim set forth in the complaint is void, because in contravention of section 19 of article 11 of the state constitution of 1879.

He claims that, although the contract on the performance of which the assessment was issued may have been authorized by the act of April 1, 1872, and March 12, 1878, *supra*, if performed before the date of the going into effect of the constitution of 1879, yet that being unperformed at that time, to wit, January, 1880, it became null and void, and no valid assessment based upon it could be made.

The contract was entered into November 28, 1879, and was by its terms to be completed in one hundred days; before the expiration of the one hundred days, an additional time of sixty days was given by the board of supervisors of the city and county above mentioned, and before the last-mentioned extension expired, an additional extension of one hundred days was granted, within which latter time the work was completed.

The argument of the respondent is, that the extensions of time in which to perform the work were in the nature of new contracts, and as such, were forbidden by the constitutional provision above cited: that any contract unperformed at the date of the going into effect of the constitution of 1879 was nullified, and nothing could be done under it by which any liability could be fixed to pay street assessments.

The same contentions raised here upon the effect of the constitutional provision as regards the street-work, where extensions of time in which to perform it have been given, were made in a case lately decided by the appellate court, and were disposed of as follows:—

"As the contract was made before January, 1880, it

was not impaired or affected by the new constitution. The granting of the extension of time was not a novation, or new contract; it was merely a pursuance of the original contract under rights existing by virtue of the law under which it was made. The extensions were made before the original time, or the time given in the first extension, had elapsed. The case of *German Savings Bank* v. *County of Franklin*, 128 U. S. 526, cited by the appellants, differs in many respects from the case at bar." (*Oakland Paving Co.* v. *Barstow, ante,* p. 45.)

It is further alleged that the contract is void on its face because it purports to have been made under the street act of 1872, the respondent claiming that the contract was made, and could only be made, under the act of 1878, which he alleges was a special act, and repealed the act 1872, so far as the latter gave any jurisdiction to order or make the improvement; that, therefore, no contract could be made under the act of 1872.

An examination of both acts shows that the act of 1878 was supplementary merely to the act of 1872; so that a part of Seventh Street might be opened without any petition of the owners of the lots thereon, as prescribed by section 4 of the act of 1872, as a condition precedent to give the board of supervisors jurisdiction to have the work done. Notice is also dispensed with to property owners in certain instances, and special reference is made to all laws respecting street-work, including the act of 1872; and it is declared that all such not inconsistent with the act of 1878 are made applicable thereto.

The act of 1872 was left intact as regards the authority of the street superintendent to make a contract such as is here involved, and the jurisdiction of the board of supervisors to have the work performed, as required under the act of 1872, was not taken away under the act of 1878.

The last act was intended to confer additional powers on the board not possessed by them under the act of 1872, and what was done under and by virtue of the last-mentioned act is in entire consonance with the act of 1878, *supra.*

It is said by respondent, however, that the contract is void because it authorized only a part of the improvement which the act of 1878 authorized to be done, it being argued that the statute only authorized the work to be done *as a whole;* that while the contract was for one block only, the statute contemplated the improvement of eight blocks as an *entirety.*

We do not think that the act in question is susceptible of this narrow construction. It seems to give the board of supervisors full discretionary power to order what part should be graded in one or more contracts at a time.

This disposes of the material points made for the affirmance of the judgment and order; they seem to have no substantial merit, and we advise that the judgment and order be reversed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed.